IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 46424**

| | |
|---|---|
| In the Matter of: Jane Doe I, John Doe I, John Doe II and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: January 11, 2019 ) |
| Petitioner-Respondent, | ) Karel A. Lehrman, Clerk ) |
| v. | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT |
| JANE DOE, | ) BE CITED AS AUTHORITY ) |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Madison Miles, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe appeals from a judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane is the mother of four children. In July 2017, the magistrate awarded temporary legal custody of the children to the Idaho Department of Health and Welfare because Jane tested positive for methamphetamine five days after the birth of her two youngest children, who are

1

twins, and because Jane had a "Child Protection history of nineteen (19) prior referrals for hazardous home environment, parental substance abuse, lack of supervision and neglect." In September 2017, the magistrate held a disposition and case plan hearing, awarded legal custody of the children to the Department, and approved a case plan for Jane. The case plan required Jane to complete substance abuse treatment, complete a mental health assessment and comply with all recommendations, maintain weekly contact with the Department, demonstrate her ability to meet her children's needs through consistent visitation and participation in the children's services, maintain stable housing free of safety hazards and drugs, maintain legal income sufficient to provide for the children's needs, and complete a parenting course.

While the children were in the custody of the Department, Jane failed to participate in meaningful substance abuse treatment and continued to use controlled substances. Jane's continued drug use resulted in a possession of paraphernalia charge in May 2018, which resulted in seventy-three days of incarceration. Jane refused to complete a mental health assessment or participate in mental health treatment as required by her case plan. Jane also failed to satisfy the case plan requirement that she obtain stable housing, instead living in a camping trailer with no hot water or heat other than a space heater. At other times, Jane was homeless, living with friends, or renting a room the Department was unable to inspect. During the course of the child protective case, Jane missed approximately half of the visits scheduled with her children, and those visits Jane did attend caused concern due to Jane's demonstrated inability to safely and appropriately care for all of her children.

In June 2018, the Department filed a petition to terminate Jane's parental rights. Following trial, the magistrate terminated Jane's parental rights after finding clear and convincing evidence that Jane had neglected the children and that termination is in the best interests of the children. Jane appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the

substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate found that the statutory ground for termination was neglect. Jane does not articulate any express challenge to the magistrate's neglect finding. Rather, Jane only argues that the magistrate erred in concluding that termination of her parental rights is in the best interests of the children. Thus, we will only review the magistrate's determination that termination is in the best interests of the children. We hold that Jane has failed to establish error in the magistrate's determination regarding the best interests of the children.

3

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the best interests of the children to terminate their parent-child relationship with Jane in light of Jane's substance abuse, housing instability, criminal activity, lack of stable and safe housing and in light of Jane's mental health, which interfered with her own personal functionality to the extent it made it difficult, if not impossible, for her to care for her children. The magistrate did not foresee a change in Jane's circumstances and found it would be "profoundly detrimental" to the physical, mental, and emotional needs of the children to allow them to return to Jane's care. The magistrate concluded that the "children require and deserve a home that is safe and stable, with a parent who is sober, adequately coping with their mental health needs, present, out-of-custody and able to attend to the children's considerable physical and emotional needs." The magistrate further stated that the children "deserve permanency and the certainty about their future that comes with it," including the "kind of stability and structure they have enjoyed during their time in foster care," which Jane had demonstrated she could not provide.

Jane argues that the magistrate's best interests determination was erroneous, claiming the magistrate did not sufficiently weigh the parent-child bond, the children's interest in being raised by their biological mother, Jane's interest in raising her children, Jane's "improving skills and involvement with her children over time," or "the fact that a guardianship together for all the children with a relative was possible." Jane's complaints regarding the magistrate's best interests determination do not show the magistrate erred. The magistrate's factual findings are

4

supported by the evidence and are unchallenged on appeal, and the magistrate's analysis and conclusion that termination is in the best interests of the children reflects consideration of the proper factors relevant to its decision. Jane has failed to show error in the magistrate's decision to terminate her parental rights.

## IV.
## CONCLUSION

There was clear and convincing evidence that termination of Jane's parental rights is in the best interests of the children, and the magistrate properly analyzed the evidence in making its decision. Accordingly, the magistrate's judgment terminating Jane's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.