IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46230

In the Matter of: JANE DOE,
A Child Under Eighteen (18) Years of Age.
------------------------------------------------------
IDAHO DEPARTMENT OF HEALTH
AND WELFARE,

Petitioner-Respondent,

v.

JANE DOE,

Respondent-Appellant,

And

GUARDIAN AD LITEM,
Intervenor-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2019 Term

Opinion Filed: March 18, 2019

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine P. Cannon, Magistrate Judge.

Magistrate court decree terminating parental rights, affirmed.

Hilverda McRae, PLLC, Twin Falls, for appellant. Adam Ondo argued.

James T. Baird, Idaho Attorney General, Twin Falls, argued for respondent.

Scott Lindstrom, Burley, for intervenor-respondent.

_____

BURDICK, Chief Justice.

Jane Doe (Mother) appeals the Cassia County magistrate court's termination of her parental rights to her minor child, T.G.E. (Child). On May 3, 2017, the Idaho Department of Health and Welfare (the Department) moved to terminate Mother's parental rights. Following a termination hearing, the magistrate court found termination proper based on neglect and entered an order to that effect on December 8, 2017 (the Order). However, in a subsequent decree (the Decree) issued on December 15, 2017, the magistrate court stated Mother's parental rights were being terminated based on abandonment. The court also terminated Father's parental rights;

1

however, Father had voluntarily relinquished his parental rights and is not a party to this appeal. On appeal, both Mother and the Department raised procedural issues in briefing relating to the conflicting Order and Decree. Subsequently, this Court remanded the case for entry of a new judgment terminating Mother and Father's rights to Child, and stated the Order would constitute the findings of fact and conclusions of law. Mother timely appeals and contends the magistrate court erred when it terminated Mother's parental rights. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mother gave birth to Child on June 14, 2016. At the time of Child's birth, Mother had pending felony drug charges and there was an active warrant for her arrest. After birth, Child's umbilical cord blood tested positive for methamphetamine. Mother admitted to using illegal drugs during the first three months of her pregnancy, stating she did not know she was pregnant at that time. Mother was arrested a few days after Child's birth on the outstanding warrant. Three days after Child's birth, on June 17, 2016, the Department filed a petition asking that Child be placed in the legal custody of the Department. Child was placed in foster care with a paternal aunt.

On July 5, 2016, Mother submitted to a hair follicle test that was positive for methamphetamine at a level that indicated Mother had not stopped using methamphetamine three months into pregnancy. On July 8, 2016, the Department filed an amended petition asking the court to make a finding of aggravated circumstances because Mother's parental rights had been terminated involuntarily with respect to five other children in 2015. The parties came to an agreement that Child would be put in custody of the Department, that the Department agreed not to pursue the aggravated circumstances, and that both Mother and Father would work a case plan with the goal of reunifying Child to the family. Based on Mother's lack of progress with the case plan, the Department moved to terminate parental rights on May 3, 2017.

Following the termination hearing, the magistrate judge entered the Order. In the Order the court entered its Findings of Fact and Conclusions of Law, focusing on Mother's failure to comply with her case plan. The case plan contained several tasks Mother was required to complete. The magistrate judge analyzed each task in Mother's case plan and found that while Mother had completed some tasks, she had only partially completed some and had completely failed others. For example, though Mother entered drug treatment as required by the plan, she continued to test positive for methamphetamine every time she submitted to a hair follicle test.

2

From July through November in 2016, Mother's levels of methamphetamine in her hair follicles rose from 4307 pg/mg in July to 10710 pg/mg in November. Mother also missed several follicle tests between February and August 2017, and admitted to using methamphetamine while working the case plan.

Mother was also required to report to her case worker every three weeks with her progress and proof of attending treatment. Though Mother initially complied, she later missed her appointments and subsequently only had contact with the Department after Mother was incarcerated and her case worker met with her at the jail. After Mother's release, she made no effort to contact the Department.

Mother was able to comply with some of her tasks. For example, the magistrate judge found that Mother had maintained safe and sanitary housing and had maintained full time employment. Also, Mother complied with her plan by demonstrating appropriate behavior during visits with Child and attending some of Child's medical appointments. However, the magistrate judge found that Mother failed to show "her ability to understand her role in the circumstances that led to [Child] being placed in foster care" and an "understanding of her need to change" her lifestyle. The court stated that while Mother admits she has a problem, she "continues to deny the extent of her methamphetamine use. She has not shown the desire or ability to make the necessary life changes."

Mother was also required to participate in visitation with Child. Here again, Mother complied initially but as time went on began showing up late to appointments and later missing appointments completely. While some missed visits occurred because Mother was in jail, Mother also missed visits when she was not incarcerated. At the time of the termination trial, Child had been in the care and custody of the Department from June 17, 2016 through October 23, 2017, which was 16 consecutive months.

Mother also failed to comply with the task that required her to report any changes in her legal status to the Department. Mother was on felony probation while she was working on her case plan. Mother did not notify the Department when she was charged with a probation violation in August 2017. This probation violation occurred when a car Mother was riding in was stopped for a traffic violation and methamphetamine was found in the car. Subsequently, Mother was incarcerated three different times between June 2016 and September 2017.

Another task in Mother's case plan had to do with Mother's purported brain tumor and required Mother to provide the Department with documentation from a medical professional relating to the diagnosis and treatment recommendations for the tumor. It also stated Mother would follow the recommended treatment and the Department would help her find funding if Mother could not qualify for Medicaid. The magistrate judge found that Mother did not comply with this task and that Mother did not provide proof she still had the tumor or proof of its progression. The court stated Mother had done nothing to treat the tumor and she seemed unconcerned about its potential impact on her ability to parent Child.

The magistrate judge concluded that termination of parental rights based on neglect was in the best interests of Child. The magistrate judge stated that while Mother had made some effort to address her drug use and improve her parenting skills, those efforts were far outweighed by other facts showing Mother neglected Child. The court stated,

> [Mother] used methamphetamine while she was pregnant with [Child] and [Child] tested positive at birth. [Mother] started, but did not complete drug treatment. [Mother]'s life has been extremely unstable. She has been incarcerated on three separate occasions during the 16 months leading up to the termination hearing. She violated her probation by associating with a drug using felon. She was found to be in a motor vehicle that contained methamphetamine. [Mother] continued to use methamphetamine and her usage increased while she was working the case plan. [Mother] missed several drug tests and didn't maintain contact with the Department so she could continue improving her parenting skills and focus on treatment. [Mother] missed many visits with [Child]. [Mother] has not sought treatment for various psychological issues she struggles with. [Mother] has failed to treat the brain tumor from which she claims to suffer. [Mother] did not comply with many important requirements of the case plan. All of this taken together justifies a finding of neglect.

The court also found neglect based on Mother's failure to comply with the case plan and the fact that Child had been in the Department's custody for 16 months. The court went on to state,

> The Court finds that it is in the best interest of [Child] that [Mother]'s parental rights to [Child] be terminated. [Child] is in foster care with a family that loves her and wants to adopt her. The current placement is a drug free, stable environment. [Child] is well cared for and has bonded with her foster parents. It is also in [Child]'s best interest because [Mother] continues to have an unstable lifestyle that includes methamphetamine use, associating with drug users, breaking the law, violating probation, and refuses to seek treatment for addiction and mental illness. Exposing [Child] to that lifestyle would be detrimental to [Child]'s health, morals and well-being.

4

Following the Order, the magistrate court entered its "Findings of Fact, Conclusions of Law and Decree." The Decree stated "[Mother] has abandoned her child and that termination would be in the best interest of [Mother] and [Child] as fully set forth in" the Order. The court then stated it was terminating the parental rights of Father and Mother to Child, and judgment was entered to that effect. Based on procedural issues related to the conflicting termination bases in the Order and Decree, this Court remanded the case for entry of a new judgment terminating Mother and Father's parental rights to Child, and deemed the Order would serve as the findings of facts and conclusions of law. Following entry of the new judgment, Mother again timely appealed.

## II.    ISSUE ON APPEAL

Whether the magistrate court's decision to terminate parental rights is supported by substantial, competent evidence.

## III.    STANDARD OF REVIEW

"The grounds for terminating a parent-child relationship must be proved by clear and convincing evidence." *In re Doe (2013-15)*, 156 Idaho 103, 105–06, 320 P.3d 1262, 1264–65 (2014); I.C. § 16-2009. "Clear and convincing evidence is evidence that indicates the thing to be proved is highly probable or reasonably certain." *In re Doe (2014-17)*, 157 Idaho 694, 699, 339 P.3d 755, 760 (2014). This Court must conduct an independent review of the record, "but must draw all reasonable inferences in favor of the magistrate court's judgment, as the magistrate court has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties." *In re Doe (2014-23)*, 157 Idaho 920, 923, 342 P.3d 632, 635 (2015) (quoting *Doe I v. Doe II*, 150 Idaho 46, 49, 244 P.3d 190, 193 (2010)).

"[T]his Court will not disturb the magistrate court's decision to terminate parental rights if there is substantial, competent evidence in the record to support the decision." *Doe I*, 150 Idaho at 49, 244 P.3d at 193 (citation omitted). "Substantial, competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation marks omitted). Even if conflicting evidence is in the record, the judgment must be upheld so long as it is supported by substantial, competent evidence. *Doe I v. Doe*, 138 Idaho 893, 905–06, 71 P.3d 1040, 1052–53 (2003) (citation omitted).

5

# IV. ANALYSIS

On appeal, Mother's sole challenge relates to the magistrate court's finding of neglect based on Mother's failure to complete her case plan. Specifically, Mother contends the magistrate court erred when it considered Mother's failure to complete the task that required her to seek diagnosis and treatment for her brain tumor. However, Mother does not challenge the additional bases upon which the magistrate court found Mother neglected Child. Accordingly, as discussed below, the judgment of the magistrate court is affirmed.

"Termination of the parent-child relationship requires a two-prong finding that (A) at least one of the five bases for termination is satisfied, and (B) termination is in the best interests of the child." *In Interest of Doe I*, 163 Idaho 274, 277, 411 P.3d 1175, 1178 (2018) (citing *In re Doe (2014-23)*, 157 Idaho 920, 923, 342 P.3d 632, 635 (2015)); *see also* I.C. § 16-2005(1).

## 1. Neglect

The ground for termination relevant here is neglect, as the magistrate court found that Mother neglected Child. Idaho Code defines several bases for neglect. One basis for neglect arises when:

> The parent(s) has failed to comply with the court's orders or the case plan in a child protective act case and:
>
> (i) The department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months; and
>
> (ii) Reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department.

*In Interest of Doe I*, 163 Idaho at 277–78, 411 P.3d at 1178–79 (quoting I.C. § 16-2002(3)(b)).

> Other bases of neglect include a child:
>
> (a) Who is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them; however, no child whose parent or guardian chooses for such child treatment by prayers through spiritual means alone in lieu of medical treatment shall be deemed for that reason alone to be neglected or lack parental care necessary for his health and well-being, but this subsection shall not prevent the court from acting pursuant to section 16-1627, Idaho Code; or
>
> (b) Whose parents, guardian or other custodian are unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety or well-being . . . .

I.C. § 16-1602 (31).

6

In this case, the magistrate court found neglect based on the facts in the case as well as Mother's failure to comply with her case plan. The court stated it finds:

> The State met its burden of proving by clear and convincing evidence that [Mother] neglected [Child]. . . .
>
> The neglect is a result of [Mother]'s conduct and omission. The court recognizes that [Mother] has made some positive effort to address her drug use and has made efforts to improve her parenting skills. [Mother] is a loving attentive parent when she is with [Child]. But those efforts are far outweighed by other factors that show [Mother] has neglected [Child] and [Mother] continues to struggle to create a stable, drug free life. [Mother] used methamphetamine while she was pregnant with [Child] and [Child] tested positive at birth. [Mother] started, but did not complete drug treatment. [Mother]'s life has been extremely unstable. She has been incarcerated on three separate occasions during the 16 months leading up to the termination hearing. She violated her probation by associating with a drug using felon. She was found to be in a motor vehicle that contained methamphetamine. [Mother] continued to use methamphetamine and her usage increased while she was working the case plan. [Mother] missed several drug tests and didn't maintain contact with the Department so she could continue improving her parenting skills and focus on treatment. [Mother] missed many visits with [Child]. [Mother] has not sought treatment for various psychological issues she struggles with. [Mother] has failed to treat the brain tumor from which she claims to suffer. [Mother] did not comply with many important requirements of the case plan. All of this taken together justifies a finding of neglect.
>
> In a Child Protection Case, a finding of neglect may also be based on a parent's failure to comply with court orders or a case plan if "the department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department". I.C. § 2002(3)(b). Under this standard, the court is not required to find that the parent willfully failed to comply with the case plan, but must find the parent is responsible, either directly or indirectly, for not complying with the case plan requirements. *Idaho Department of Health and Welfare v. Doe*, 161 Idaho 596, 389 P.3d 141 (2016).
>
> The Court also finds clear and convincing evidence (as discussed above) that [Mother] failed to comply with the case plan, [Child] has been in the custody of the Department for all 16 months from the time [Child] was placed into shelter care (June 2016) until the termination hearing (October 2017), and reunification was not accomplished by the end of the fifteenth month that [Child] was in the Department's custody. [Mother] was responsible for her failure to comply with the case plan. Compliance was not impossible. [Mother] was and is capable of complying with the case plan.

Thus, while the magistrate court did find that Mother neglected Child by failing to comply with her case plan, the magistrate court also found Mother neglected Child based on Mother's

"conduct and omission." The court then went on to note Mother's continued methamphetamine use, periods of incarceration, and probation violations. It was only after this discussion that the magistrate court discussed Mother's failure to comply with the case plan.

As noted, Mother's sole argument on appeal relates to the magistrate court's finding that Mother failed to comply with her case plan. Specifically, Mother argues the court erred in considering Mother's failure to seek diagnosis and treatment of her purported brain tumor, as required by the case plan. Mother does not challenge the magistrate court's additional bases for finding neglect. "For that reason, this Court need not reach Mother's argument because, even if she is correct, the magistrate court's order contains additional, unchallenged findings of neglect that must be affirmed." *In Interest of Doe I*, 163 Idaho at 278, 411 P.3d at 1179 (citing *Schweitzer Basin Water Co. v. Schweitzer Fire Dist.*, 163 Idaho 186, 194 n.4, 408 P.3d 1258, 1266–67 n.4 (2017) ("Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis.").

Even if we were to consider Mother's arguments regarding her case plan, the finding of neglect would still be affirmed. Regardless of the magistrate court's consideration of Mother's refusal to seek diagnosis and treatment, the magistrate court listed several other reasons Mother failed to comply with her case plan. The court noted that, contrary to the case plan, Mother continued using methamphetamine and actually increased the amount of methamphetamine she was using while working her case plan. The court also noted that, contrary to the case plan, Mother stopped attending drug treatment. The court also stated Mother missed several drug tests, discontinued contact with the Department, violated felony probation, discontinued providing any support for Child, and failed to show a desire or ability to make life changes to care for Child. The court also noted Mother failed to comply with the case plan when she missed several scheduled visits with Child, failed to notify the Department of new felony charges, and failed to obtain an ordered neuropsychological evaluation. Accordingly, Mother's argument that "[Mother] did not fail to comply with the majority of tasks asked of her" is without merit. The magistrate court's finding that Mother failed to comply with her case plan is supported by substantial, competent evidence. *See Doe I*, 150 Idaho at 49, 244 P.3d at 193 ("Substantial, competent evidence is such evidence as a reasonable mind might accept as adequate to support a

conclusion.") (citation and quotation marks omitted). Accordingly, the magistrate court's finding of neglect is affirmed.

1.  Best Interests of Child

After the magistrate court found Mother neglected Child, it went on to conclude termination of Mother's parental rights was in the best interests of Child. As previously noted, "even if neglect is found, termination is proper only if it is in the best interests of the child." *In Interest of Doe I*, 163 Idaho at 278, 411 P.3d at 1179 (citing I.C. § 16-2005(1)). "When considering a child's best interests, numerous factors may be considered." *Id.* at 279, 411 P.3d at 1180 (citing *Doe v. Doe I (2017-15)*, 162 Idaho 653, 660, 402 P.3d 1106, 1113 (2017)).

> [S]ome factors that a court may consider are: the "parent's history with substance abuse, whether the parent has provided financial support, the child's relationship with those currently caring for him or her and whether the child has improved under that care, the child's need for stability and certainty, and the parent's incarceration."

*Doe I (2017-15)*, 162 Idaho at 660, 402 P.3d at 1113 (quoting *In re Doe (2015-03)*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015)). Also included in the best interests analysis is the "parent's ability to care for the child." *In Interest of Doe I*, 163 Idaho at 279, 411 P.3d at 1180 (citation omitted).

> In this case, the magistrate court stated:

> The Court finds that it is in the best interest of [Child] that [Mother]'s parental rights to [Child] be terminated. [Child] is in foster care with a family that loves her and wants to adopt her. The current placement is a drug free, stable environment. [Child] is well cared for and has bonded with her foster parents. It is also in [Child]'s best interest because [Mother] continues to have an unstable lifestyle that includes methamphetamine use, associating with drug users, breaking the law, violating probation, and refuses to seek treatment for addiction and mental illness. Exposing [Child] to that lifestyle would be detrimental to [Child]'s health, morals and well-being.

Mother does not challenge the best interests finding by the magistrate court. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (stating this Court "will not consider an issue not 'supported by argument and authority in the opening brief.'") (citation omitted). Therefore, because we affirm the finding of neglect, the magistrate court's finding as to the best interests of Child is also affirmed.

## V. CONCLUSION

Because substantial, competent evidence supports the magistrate court's order, the termination of Mother's parental rights is affirmed.

Justices BRODY, BEVAN, STEGNER and MOELLER, **CONCUR.**