**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47435**

| | |
|---|---|
| In the Interest of:  John Doe I, Jane Doe I,<br>John Doe II, and Jane Doe II, Children<br>Under Eighteen (18) Years of Age. | ) |
| STATE OF IDAHO, | ) |
| | ) Filed:  January 8, 2020 |
| Petitioner-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JANE DOE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua A. Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Madison Miles, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. Doe argues the magistrate court erred when it terminated her parental rights. Because substantial and competent evidence supports the magistrate court's findings, we affirm the magistrate court's judgment terminating Doe's parental rights.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of M.M., A.M., E.M., and A.L.  After giving birth to A.L., Doe tested positive for amphetamine and A.L. tested positive for amphetamine and methamphetamine.  Doe admitted she used methamphetamine four times during her pregnancy with A.L.  Based on this

1

information, a detective removed A.L. and Doe's three other children from Doe's care, and placed them into foster care.

The State filed a petition for a hearing under the Child Protective Act. A shelter care hearing was held, and the magistrate court took temporary jurisdiction over Doe's four children and awarded temporary legal custody of the children to the Idaho Department of Health and Welfare (Department). After a pretrial conference and an adjudicatory hearing, the magistrate court held a case plan hearing. The magistrate court ordered Doe to complete a parenting plan.[1] At a six-month review hearing, the magistrate court found it was in the best interests of the children to remain in foster care. A permanency hearing was later held where the magistrate court approved termination of Doe's parental rights and adoption as the permanency goal for the children. The State filed a petition for termination of Doe's parental rights and a trial was held on the petition. The magistrate court determined there was clear and convincing evidence of grounds to terminate Doe's parental rights and it was in the children's best interests to do so. Doe timely appeals the magistrate court's judgment terminating her parental rights.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a

---

[1]     Task 1.1 required Doe to maintain her mental health treatment; Task 1.2 required Doe to complete a Department-approved substance abuse assessment and follow any and all recommendations; Task 1.3 required Doe to attend all visits with her children and contact the service providers for her children; Task 1.4 required Doe to establish housing free of all health and safety hazards; Task 1.5 required Doe to obtain and maintain legitimate employment or a source of legitimate income sufficient to provide for the needs of herself and her children.

court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

#### A.     The Magistrate Court Did Not Err When It Found Doe Neglected Her Children

The magistrate court terminated Doe's parental rights on the ground of neglect. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without

proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found Doe neglected her children. First, the magistrate court stated Doe's children entered foster care on May 7, 2018, and remained in foster care as of the magistrate court's ruling on September 11, 2019. The magistrate court found the children were in temporary or legal custody of the Department for seventeen[2] of the most recent twenty-two months, and thus, reunification with Doe had not been accomplished within the statutory timeframe. Second, the magistrate court found Doe failed to complete her case plan. Doe failed to maintain her mental health treatment and failed to follow all recommendations from her substance abuse assessment, and Doe also did not maintain employment or establish safe housing. Furthermore, Doe failed to attend all of her visits with her children and failed to maintain contact with the children's service providers. The magistrate court found Doe was informed of the terms of her case plan and was responsible for her non-compliance, and thus, complying with the case plan was not impossible for Doe. The magistrate court concluded the State proved by clear and convincing evidence that Doe neglected her children.

On appeal, Doe does not dispute the magistrate court's findings regarding neglect. Rather, Doe argues the magistrate court erred because it failed to follow the proper time standard set forth by the Idaho Supreme Court in *In re Doe*, 150 Idaho 201, 245 P.3d 953 (2010). Doe claims *In re Doe* established a twenty-two month statutory time standard for reunification, and Doe argues no case law has overruled the holding. Because the State failed to present evidence to show that the children were in care more than the requisite twenty-two months, Doe argues the magistrate court erred in this case.

---

[2] Because Doe's children entered foster care in May 2018 and the magistrate court's ruling occurred in September 2019, the children were in custody for sixteen months. The magistrate court's calculation error does not change our analysis.

4

When the Supreme Court issued *In re Doe* in 2010, it relied on the time standards set forth in the definition of neglect within the Idaho Code. That year, the definition of neglect included relevant time standards that were set forth in I.C. § 16-1629(9) (2010), which focused upon "the date the child entered shelter care." *In re Doe*, 150 Idaho at 205, 245 P.3d at 957. The Idaho Code has since been amended such that neglect is now defined in I.C. § 16-2002 and is no longer measured from the date the child entered shelter care, but instead is measured from the date the petition for termination is filed. The court counts back up to twenty-two months from the date the petition for termination is filed. If the Department had temporary or legal custody during fifteen of those twenty-two months, the Department satisfied that statutory element of neglect. Accordingly, neglect occurs when: (1) the parent failed to comply with the court's orders or the case plan in a Child Protective Act case; and (2) the Department had temporary or legal custody of the child for fifteen of the most recent twenty-two calendar months. I.C. § 16-2002(3)(b). This interpretation is in accord with the plain language of the statute, as well as numerous recent Idaho Supreme Court holdings. *See, e.g., Matter of Doe*, 165 Idaho 46, 437 P.3d 922 (2019) (where sixteen months satisfied I.C. § 16-2002); *Matter of Doe*, 164 Idaho 875, 436 P.3d 1224 (2019) (where twenty-one months satisfied I.C. § 16-2002); *Matter of Doe I*, 164 Idaho 849, 436 P.3d 670 (2019) (where fifteen months satisfied I.C. § 16-2002).

Under the plain language of the revised statute, substantial and competent evidence supports the magistrate court's finding that Doe neglected her children. Not only did Doe fail to complete her case plan, but Doe's children entered foster care on May 7, 2018, and remained in foster care as of the magistrate court's ruling on September 11, 2019. The children were therefore in custody of the Department for sixteen of the most recent twenty-two months, which satisfies the statutory requirement of "fifteen of the most recent twenty-two months."

**B.**     **The Magistrate Court Did Not Err When It Found Termination Was in the Best Interests of Doe's Children**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the children to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the children's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the children's care after the children are placed in protective custody, the improvement of the children while in foster care, the parent's

5

efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the children to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Here, in addition to finding neglect, the magistrate court also found that termination of Doe's parental rights was in the best interests of Doe's children. Doe did not address deficits in her ability to safely parent her children, which included a failure to maintain her mental health treatment and a failure to follow substance abuse treatment recommendations. Doe also failed to obtain and maintain stable employment and failed to keep a safe and drug-free house that was suitable for the children. Doe was inconsistent with her visitation with the children and did not attend the children's medical and therapy appointments.

Substantial and competent evidence supports the findings of the magistrate court. Because Doe does not challenge the magistrate court's findings regarding the children's best interests, we affirm not only the magistrate court's finding of neglect, but the court's finding as to the best interests of children is also affirmed.

## IV.
## CONCLUSION

Because substantial and competent evidence supports the magistrate court's findings, we affirm the magistrate court's judgment terminating Doe's parental rights.

Judge GRATTON and Judge LORELLO **CONCUR**.

6