**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47079**

| | |
|---|---|
| In the Interest of:  Jane Doe I, A Child Under Eighteen (18) Years of Age. ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) ) | Filed:  September 18, 2019 |
| Petitioner-Respondent, ) ) | Karel A. Lehrman, Clerk |
| v. ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| JANE DOE (2019-13), ) ) | |
| Respondent-Appellant. ) ) | |

Appeal from the Magistrate Division of District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Justine E. Parker, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe (2019-13) appeals from the judgment terminating her parental rights.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of a child who was born in July 2017.  Police removed the child from the hospital, and she was placed into foster care after it was determined that Doe and the child tested positive for methamphetamine at the time of the child's birth.  Temporary custody of the

1

child was awarded to the Idaho Department of Health and Welfare. The magistrate approved case plans for Doe and the child's father and conducted several review hearings while the child was in the Department's custody. Ultimately, the State filed a petition to terminate the parental rights of both parents. Following trial, the magistrate terminated Doe's rights after finding clear and convincing evidence that Doe neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

Doe challenges the magistrate's decision terminating her parental rights, contending there was not substantial and competent evidence from which the magistrate could find that Doe neglected her child by failing to comply with her case plan or that termination is in the best interests of the child. The State responds that this Court should affirm on the magistrate's unchallenged finding that Doe also neglected her child by failing to provide proper parental care

---

[1] The magistrate also terminated the father's parental rights; that termination is the subject of a separate appeal.

2

and control of the child.  The State further asserts that the evidence was sufficient to prove that Doe neglected her child by failing to comply with the case plan and that termination is in the child's best interests.  We affirm the magistrate's decision.

## A.    Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child.  *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2).  Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time.  Each statutory ground is an independent basis for termination.  *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate found, by clear and convincing evidence, that the statutory ground for termination was neglect.  Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of his or her parents, or their neglect or refusal to provide them.  Neglect also includes situations where the parent has failed to comply with the court's orders or the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.  I.C. § 16-2002(3)(b).

The State alleged and the magistrate found that Doe neglected her child by failing to comply with the case plan (Count I) and by failing to provide proper care and control (Count III). On appeal, Doe only challenges the magistrate's findings in relation to Doe's compliance with

3

the case plan as alleged in Count I. Doe does not assert any error in the magistrate's finding that she also neglected her child by failing to provide proper care and control as alleged in Count III. We can, therefore, affirm the statutory basis for termination on the unchallenged finding of neglect found under Count III. *See Fischer v. Fischer*, 92 Idaho 379, 382, 443 P.2d 463, 466 (1968) (recognizing that appellate court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory). Even if there was not an alternative ground on which to affirm the magistrate's statutory basis for termination, we hold there was sufficient evidence to support the magistrate's finding on Count I.

After the underlying child protection action was filed, a case plan for Doe was developed. Doe's case plan required her to: (1) complete a substance abuse assessment approved by the Department and follow any and all recommendations, including random drug testing; (2) attend all visits with the child; (3) participate in a specific parenting program each week until the close of the case; (4) participate in family group decision-making meetings; (5) obtain and maintain employment or a source of legitimate income; and (6) demonstrate her ability to provide for the child by establishing appropriate drug-free housing. The magistrate found that, overall, Doe failed to comply with her court-ordered case plan. The magistrate made the following findings in support of this conclusion.

Although Doe completed the required substance abuse evaluation, she failed to comply with treatment recommendations. While the child protection case was pending, Doe was charged with and pled guilty to possession of a controlled substance. Doe then submitted to a substance abuse evaluation, was placed on probation, and was required to comply with intensive substance abuse treatment through a drug court program. However, Doe failed to comply with drug court requirements. Doe admitted frequent relapse on "bath salts," was arrested after absconding from drug court, and remained in custody for the next three months. Although she completed a substance abuse program while in custody, Doe again violated drug court requirements upon being released, resulting in her discharge. Doe's probation was then revoked, and she was placed in the retained jurisdiction program, which will likely keep her incarcerated until September 2019.

Doe also missed many supervised visits with the child and Doe was often late for those she did attend. Doe's multiple absences and tardiness resulted in her scheduled visits being

reduced from twice a week to once a week. Additionally, after drug paraphernalia was discovered in Doe's laundry, the visits had to be held in the offices of the Department, as the child's foster parent was no longer willing to host them. When Doe did attend visits, she would often fall asleep, leaving the child unsupervised. Although Doe would sometimes bring a diaper bag to the visits, she always lacked essential items, like a bottle or diapers. Doe was also "loud" and "rough" when interacting with the child. After visits with Doe, the child had to be fed or consoled for around fifteen minutes before she could be taken home. Throughout the visits, Doe failed to improve her nurturing skills or bond with the child.

Doe's lack of improvement in her parenting skills is likely due, at least in part, to her failure to participate in required parenting classes. After participating in two sessions of the parenting program required by her case plan, Doe stopped attending the classes, finding them inapplicable to her situation.

Although Doe reported that she was employed by two different restaurants during the child protection case and provided a letter to the Department purportedly from one of the restaurant's managers, Doe never provided a paystub or W-2 from either restaurant. Doe also failed to establish stable, independent, drug-free housing. For the first eleven months of the child protection case, Doe lived with her parents, the child's paternal grandparents, or various friends. Subsequently, Doe lived in a shelter for about one month. Doe was thereafter arrested and remained in custody throughout the remainder of the child protection case, with the exception of one week in February 2019.

Doe asserts that the magistrate erred in finding that Doe failed to comply with her case plan by ignoring relevant and admissible evidence to the contrary. Specifically, Doe argues that she enrolled in a treatment program the same month this case began, was "in treatment" through a drug court program until March 2019, attended some of the parenting classes required under her case plan, attempted to enroll in a different parenting class, attended many visits with the child, maintained employment, and secured housing for the child through family members and the shelter.

Doe does not dispute that the child had been in the Department's custody for approximately twenty-one months at the time of the termination trial, which is beyond the statutory goal of achieving reunification within fifteen months. The magistrate found that Doe

was directly responsible for her failure to comply with her case plan. Despite her ability to comply, Doe chose not to do so. Although Doe did make some efforts relating to the tasks in her case plan, which the magistrate acknowledged, there was substantial and competent evidence to support the magistrate's finding of neglect, and Doe has failed to show error in this finding.[2]

## B.    Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the child's best interests to terminate Doe's parental rights in light of her substance abuse history, unstable housing, and lack of consistent employment to meet the financial needs of herself and the child. The magistrate noted that, despite the considerable resources provided to Doe in her battle against substance abuse, she was unable to maintain sobriety. Additionally, the magistrate concluded that Doe had deficits in her parenting abilities, which she had not addressed through parent education. Moreover, the magistrate found that the child had been in the care of her foster family for so long and Doe's visitation was so inconsistent that the child now sees the foster parents as her parents and relies upon them for her emotional and physical support. Thus, the magistrate determined that a meaningful bond no

---

[2]    Because this Court affirms the finding that Doe failed to comply with her case plan, it is unnecessary to consider the State's argument that this Court should summarily affirm because Doe failed to challenge the magistrate's finding that Doe neglected the child under I.C. § 16-1602(31)(a).

longer exists between Doe and the child and that severing the parental relationship between the two will not damage the child emotionally.

Doe argues that the magistrate erred in finding that termination is in the best interests of the child because "there is no indication that terminating" Doe's parental rights would better serve the child's needs as opposed to guardianship. Doe agrees with the magistrate's finding that the child deserved to be "raised by adult caregivers who are present, sober, consistent, nurturing, and committed to meeting [the child's] daily physical and emotional needs." However, Doe argues that the child's need for stability and permanency could be met through a guardianship.

At the beginning of the termination trial, Doe moved for a guardianship of the child in lieu of termination. The magistrate concluded that the child deserved permanency and stability that guardianship could not achieve. Doe's conduct during the pendency of the child protection action does not establish that guardianship is in the child's best interests. Doe's visitation with the child was inconsistent. Doe failed to improve her parenting abilities, maintain stable housing and employment, or adequately address her substance abuse issues. Moreover, at this point, the child sees her foster parents as her parents and looks to them for support. In sum, Doe has not shown error in the magistrate's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

There was clear and convincing evidence that Doe neglected the child and that it is in the best interests of the child for Doe's parental rights to be terminated. Accordingly, the magistrate's judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.