## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49957

| | | |
|---|---|---|
| In the Interest of: John Doe I, a Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: October 12, 2022 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2022-31), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, affirmed.

Williams Law; Timothy J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

GRATTON, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the minor child in this action. In October 2020, the child tested positive for methamphetamine at birth. After Doe and the mother failed to comply with the safety plan, the child was placed into the custody of the Department of Health and Welfare (Department). The magistrate court approved case plans for Doe and the mother. The magistrate court held periodic review hearings to monitor the parents' progress on their case

1

plans. The Department continually reported that the parents were making minimal to no progress on their case plan tasks. The parents were not drug testing or participating in treatment, and they were missing a lot of their scheduled visitation with the child.

In June 2021, the Department filed a petition to terminate Doe's parental rights to the child. The magistrate court held a trial in July 2022. After finding clear and convincing evidence that Doe neglected and abandoned the child and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the magistrate court's conclusion that he neglected and abandoned his child and that termination of his parental rights is in the child's best interests. The Department asserts that substantial evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

---

[1]     The magistrate court also terminated the mother's parental rights to the child. That decision, however, is subject to a separate appeal.

## A.     Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because he neglected and abandoned the child. The magistrate court found, by clear and convincing evidence, that Doe neglected his child by means of his child remaining in the custody of the Department for twenty-one months without reunification. The magistrate court found, "[t]he requirements for reunification have not really been attempted." Furthermore, the magistrate court found Doe had not provided proper parental care and Doe repeatedly refused "[o]pportunities to enable [him] to provide for the child's needs." Lastly, the magistrate court found Doe had abandoned the child.

3

The magistrate court found by clear and convincing evidence that the parents had not maintained a normal parental relationship with the child for well over one year.

On appeal, Doe asserts the magistrate court erred when it concluded he had neglected and abandoned his child. Doe appears to challenge one factual finding made by the magistrate court--Doe's substance abuse. Doe contends the court "simply presumed" substance abuse but Doe fails to cite any evidence in the record that would suggest the magistrate court's finding was clearly erroneous.[2] In fact, there is substantial and competent evidence to support the magistrate court's finding that Doe was actively using illegal substances. Doe completed a substance abuse assessment but never followed the recommendations to attend treatment. Doe provided only one drug test during the child protection proceedings and the result was positive for methamphetamine. Doe did not attend numerous scheduled drug tests and failed to comply with the Department's request to do random drug testing. Doe never provided an independent drug test that showed he was clean at the time. Lastly, the caseworker testified she believed Doe was under the influence of a substance during her second home visit based upon his changed behavior. It is impossible to know whether Doe maintained any level of sobriety because he refused to complete regular drug tests and attend treatment. As such, there was substantial and competent evidence in the record to support the magistrate court's finding that it was highly probable Doe was actively using methamphetamine.

Next, Doe argues he has done everything within his power to complete the case plan within the confines of the resources available to him. He emphasizes the difficulty of maintaining employment and housing while also being required by the case plan to attend visitation and court hearings. Doe describes it as a catch-22 since he would have to risk losing his job to attend regular visitation and progress on his case plan. Doe contends the magistrate court failed to take into account these barriers.[3] The Department responds that Doe never reported employment that the Department could verify, and has never been regularly employed.

---

[2] Contrary to Idaho Appellate Rule 35(a)(6) Doe fails to cite to the record in his argument section. This Court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

[3] Doe did not testify during the termination trial and did not call anyone to testify on his behalf. Consequently, Doe argues the magistrate court failed to consider barriers to complete his case plan but failed to present any evidence of his struggles or alleged accomplishments, such as employment.

Since Doe fails to challenge any other of the magistrate court's findings of facts and instead challenges the magistrate court's conclusions of neglect and abandonment based upon those findings, we will address whether the magistrate court's findings are supported by substantial and competent evidence.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found the child was removed in early October 2020 and has remained in the custody of the Department. The termination trial was held approximately twenty-one months after the child's removal from Doe's custody. Doe was to obtain a substance abuse assessment and follow its recommendations. Doe completed the assessment but did not complete treatment. The case manager testified Doe appeared under the influence of something when she visited him at his apartment. Doe was repeatedly encouraged to participate in treatment and submit to drug tests. Doe only completed one test, which tested positive for methamphetamine. It is impossible to know whether Doe maintained any level of sobriety because he refused to complete regular drug tests and attend treatment. Doe reported he could not submit for testing due to work. Yet, the Department never received verification of employment. It was reasonable for the magistrate court not to consider employment as a barrier to services when there was no evidence at trial that Doe had a job.

Furthermore, Doe failed to complete a parenting class; maintained poor communication with the Department; and missed twenty-three of the forty-nine visits with his child. Visitation never progressed beyond supervised visitation due to Doe's lack of engagement on his case plan. Overall, the magistrate court did not err when it determined Doe neglected his child by not complying with his case plan.

5

Next, the magistrate court found Doe failed to provide proper parental care. The magistrate court found Doe had not provided any financial support for the child during the pendency of the child protection case. The magistrate court also found when the Department notified Doe of medical appointments, and the like, he generally did not attend. As such, the magistrate court did not error when it found Doe had failed to provide proper parental care to the child.

Lastly, the magistrate court found Doe had abandoned his child. Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010). Doe was provided the opportunity to visit his child forty-nine times during the pendency of the child protection case. He missed twenty-three of those visits due to either not showing up or cancellation by the Department for showing up late to the scheduled time. Visitation never advanced beyond supervised visitation because Doe failed to progress on his case plan and attend visitation regularly. The magistrate court also found that Doe did not provide financial support for the child. Consequently, Doe failed to provide reasonable support and to have regular contact with his child. The magistrate court did not err when it found Doe had abandoned his child.

## B. Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding

6

that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined that terminating Doe's parental rights is in the child's best interests. The magistrate court acknowledged Doe's struggles with transportation and proximity to services. However, the magistrate court found that after almost two years of the Department's attempts to assist Doe, Doe has not demonstrated an ability to provide for his child, let alone himself. Most importantly, the magistrate court found it was highly probable that Doe remained addicted to and actively using methamphetamine, based upon the repeated refusals to drug test combined with the one positive test result for methamphetamine. The magistrate court found it is not in the child's best interests to be in Doe's care while he remains an active user.

Doe does not challenge the magistrate court's conclusion that it is in the child's best interests to terminate Doe's parental rights. At most, Doe cites case law and emphasizes that there is no presumption that termination is in a child's best interests. The magistrate court made no presumption and articulated its findings of facts, which support the conclusion that termination of Doe's parental rights is in the best interests of the child. As a result, Doe has failed to show error in the magistrate court's determination that terminating his parental rights is in the best interests of the child.

## IV.
## CONCLUSION

Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.