# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49975

| | |
|---|---|
| In the Interest of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| | ) |
| Petitioner-Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| JANE DOE (2022-33), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Filed: October 28, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. Doe alleges the magistrate court erred in deciding that termination of her parental rights is in the best interests of the child. Idaho Code Section 16-2005 permits a party to petition for termination of the parent-child relationship when a statutory basis for termination exists and termination is in the best interests of the child. Because Doe does not challenge the magistrate court's conclusion that Doe neglected the child and substantial evidence supports its conclusion that termination of her parental rights is in the best interests of the child, the court did not err. The judgment terminating Doe's parental rights to the minor child is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child. On April 16, 2021, Doe contacted law enforcement, requesting assistance in finding housing for herself, her significant other, and her child after they were asked to leave local shelters for objecting to the rule that prohibited the couple from contacting each other while staying in the facilities.[1] The responding officer was unable to identify housing for the family. To avoid the child being unhoused for the night, Doe requested that the officer contact the Idaho Department of Health and Welfare (Department) and place her child into care. Doe had previously utilized this option for two other children.[2] The officer agreed and declared the child in imminent danger and the Department placed the child into its care. Subsequently, on April 19, 2021, the Department filed a petition under the Child Protective Act; the magistrate court held a shelter care hearing and granted the Department temporary custody of the child. The magistrate court ordered a case plan for Doe as part of reunification efforts.

On May, 17, 2022, the State filed a petition to terminate Doe's parental rights to her child, and on August 2, 2022, the magistrate court held a termination trial. Doe attended via videoconferencing because at the time of trial she was living in Illinois and could not afford to attend in person; however, Doe did not testify.[3] After the trial, the magistrate court found Doe neglected the child by failing to provide him with proper care and control and by failing to comply with the case plan. The magistrate court also found that termination of Doe's parental rights is in the best interests of the child. Accordingly, the magistrate court entered a judgment terminating Doe's parental rights to the child.[4] Doe timely appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243,

---

[1] Doe's significant other is not the biological father of the minor child.

[2] Doe's parental rights to these children were terminated in Washington.

[3] Doe lived in Idaho, Washington, Alabama, and Illinois during the pendency of the case.

[4] The magistrate court also terminated the child's father's parental rights, but that is not at issue in this appeal.

245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYIS

Doe does not challenge the magistrate court's conclusions of neglect as statutory grounds to support the termination of her parental rights; instead, Doe only argues the court erred in finding termination of her parental rights is in the best interests of the child. Doe asserts the magistrate court erred in concluding that termination of her parental rights is in the best interests of the child because the magistrate court erroneously admitted two exhibits showing text messages between Doe and the Department's case managers and because the evidence shows that Doe loves the child and was appropriate in her visitations with him. The State argues Doe did not establish the magistrate court erred in concluding that termination of her parental rights is in the best interests of the child because Doe did not: (1) challenge any of the factual findings resulting in the court's legal conclusion; (2) support her assertion with argument and authority; (3) demonstrate how her unsupported argument negates the court's legal conclusion; or (4) make argument beyond inviting this Court to reweigh the evidence. The State also alleges Doe's challenge to the admission of the exhibits at issue is without merit because she did not argue the alleged error affected a substantial right and, alternatively, the exhibits were properly admitted.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due

3

process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

**A.      Doe's Challenge to the Admission of the Exhibits**

We first address Doe's argument that the magistrate court erred in admitting two exhibits purportedly showing text messages between Doe and the case managers from the Department. The magistrate court found these exhibits demonstrated Doe's aggressive, erratic, and confrontational

behavior and, after receiving these text messages, Doe's case manager sought and received a civil protection order against both Doe and Doe's significant other. Additionally, the magistrate court found these exhibits supported its finding that Doe "continues to struggle with significant untreated mental needs that impair her daily functioning."

Idaho Rule of Evidence 103(a) provides that "a party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party." Similarly, Idaho Rule of Civil Procedure 61 provides, in relevant part, that no error in admitting or excluding evidence is grounds for vacating a judgment, and the appellate court must disregard all errors and defects that do not affect any party's substantial rights. Based on these rules, Idaho appellate courts have declined to vacate a judgment terminating parental rights where the appellant failed to argue the error affected her substantial rights. *Int. of Doe I*, 166 Idaho 788, 793-94, 464 P.3d 1, 6-7 (Ct. App. 2020) (affirming judgment terminating Doe's parental rights because Doe did not identify any substantial right affected by the magistrate court's error in admitting the Narrative Report and substantial and competent evidence supported court's judgment); *see also Idaho Dep't of Health & Welfare v. Doe (2016-27)*, 161 Idaho 660, 665, 389 P.3d 946, 951 (2016) ("[B]ecause Doe failed to argue the alleged errors affected his substantial rights, we disregard any alleged error in admitting Exhibit No. 31."). Doe does not identify any substantial right affected by the magistrate court's alleged error in admitting the exhibits at issue. Accordingly, we decline to address this issue further.

**B.     Substantial and Competent Evidence Supports the Magistrate Court's Finding That Termination of Doe's Parental Rights Is in the Best Interests of the Child**

We turn to Doe's broader contention that the magistrate court erred in concluding that termination of her parental rights is in the best interests of the child in light of the evidence presented that Doe loves the child and was appropriate in visitations with him. Idaho appellate courts have repeatedly held that love does not always translate into the ability to discharge parental responsibilities. *Idaho Dep't of Health & Welfare v. Doe (2014-17)*, 157 Idaho 694, 703, 339 P.3d 755, 764 (2014); *see also Int. of Doe I*, 168 Idaho 105, 112, 480 P.3d 143, 150 (Ct. App. 2020). Moreover, as previously articulated, our review is limited to whether substantial and competent evidence supports the magistrate court's decision and, further, we will not reweigh the evidence presented at the termination trial. *See State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007) (holding trial courts have unique ability to weigh evidence and take entire situation into account).

Doe does not challenge any of the magistrate court's factual findings in this case, and we will not presume error in unchallenged factual findings. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). In its decision, the magistrate court acknowledged there was mutual affection between Doe and the child and Doe had positive interactions with him during visitations. But, the magistrate court found that terminating Doe's parental rights is in the best interests of the child because it would provide him with the opportunity "for [a] safe home with sober, consistent, stable adult caregivers." Specifically, the magistrate court found that the child required an adult caregiver who could provide him a safe, stable home and meet his basic needs. The court found that Doe had not demonstrated this ability because of her untreated mental health and substance abuse concerns, her inability to establish consistent housing, her transient lifestyle that resulted in her being unhoused for many years and that took her to four states in the fifteen months during which the child was in the Department's care in this case, and her relationship with her significant other that posed an unacceptable risk of physical or sexual violence to the minor child.[5] These unchallenged factual findings provide substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the best interests of the child.

Moreover, the termination trial record is replete with examples that Doe was hostile and threatening to the Department's caseworkers; did not recognize the Department's authority to provide any direction over her parenting; and did very little, if anything, to participate in the case plan. Ultimately, Doe refused to address any of the issues that brought her child into care. As such, there is substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the best interests of the child and Doe failed to show the magistrate court erred.

---

[5] The magistrate court found that while Doe told her case managers she separated from her significant other, the two had accompanied each other throughout every move during the proceeding; there was no verification that the relationship had ended; and the case managers did not believe that Doe was a credible reporter in this regard.

6

## IV.
## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusion that termination of Doe's parental rights is in the best interests of the child. Accordingly, the magistrate court did not err and the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.