53 P.3d 341

**In the Matter of the Termination of the Parental Rights of John Doe.**

**John DOE, Appellant,**

**v.**

**STATE of Idaho, Department of Health and Welfare, Respondent.**

**No. 26757.**

Supreme Court of Idaho,
Boise, May 2002 Term.

Aug. 13, 2002.

Robert L. Crowley Jr., Rigby, for appellant.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Eric D. Pfost argued.

SCHROEDER, Justice.

## NATURE OF THE CASE

John Doe appeals the district court's decision that affirmed the magistrate court's decree terminating his parental rights. The magistrate court found that Doe had abandoned and neglected the child and that it was in the child's best interests to have his parental rights terminated. This decision was affirmed by the district court on appeal.

## I.

### FACTS AND PROCEDURAL BACKGROUND

At the time the appeal was filed, Doe was serving a prison term in the Idaho State Penitentiary that expired in December, 2000. His sentence included a provision for retained jurisdiction while in prison, but he failed the program because he had an "attitude." Doe is the father of a son who was born on August 5, 1997. Doe was in prison at the time of his son's birth and has never seen his son. The natural mother's parental rights have been terminated. She did not contest termination.

After learning of the child's birth, Doe sent the child several Christmas gifts, and tried to speak with the mother and the maternal grandmother of the child. Doe wrote to the grandmother, but she did not respond to him. Several of Doe's aunts expressed interest in the child to a caseworker for the Department of Health and Welfare, but they did not complete background checks or take any steps toward adopting the child. Doe has stated that if his rights are terminated he wants his family to take care of the child. Doe signed documents authorizing medical treatment for the child and contacted the caseworker a number of times. He also wrote a letter to the magistrate court indicating that he did not want his parental rights terminated.

The Department of Health and Welfare filed a petition to terminate Doe's parental rights based on abandonment, neglect, and the best interests of the child. The magistrate court found that the Department had established these grounds with clear and convincing evidence and terminated Doe's parental rights. This decision was affirmed by the district court on appeal. The district court did not hear oral argument. Doe now appeals to this Court, arguing that the district court should have heard oral argument, that there is not substantial competent evidence to support the magistrate court's decision, that the magistrate should not have considered a report prepared by the Department of Health and Welfare, should have ordered additional investigation, and that the petition to terminate his rights did not comply with statutory requirements.

## II.

### STANDARD OF REVIEW

The standard of review when this Court is reviewing an order of the district court acting in its appellate capacity was set forth in *Nicholls v. Blaser*, 102 Idaho 559, 633 P.2d 1137 (1981). In *Nicholls*, the Court stated that:

We deem the appropriate standard of review at the Supreme Court level to be: The Supreme Court reviews the trial court

(magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefore and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Id.* at 561, 633 P.2d at 1139.

"Our standard of review, when we are reviewing a district court decision, acting in its appellate capacity, is to review the record and the magistrate's decision independently of, but with due regard for, the district court's decision." *Walborn v. Walborn,* 120 Idaho 494, 498, 817 P.2d 160, 164 (1991).

### III.

### THE DISTRICT COURT DID NOT ERR BY ENTERING ITS DECISION ON APPEAL WITHOUT HEARING ORAL ARGUMENT

■ The appeal from the magistrate court to the district court was filed on May 22, 2000. The respondent's brief was to be filed within twenty-eight days after the service of the appellant's brief. The appellant's reply brief was filed on June 30, 2000, and the appellant filed a notice of hearing for oral argument. The hearing was noticed for July 13, 2000. However, the decision on appeal was entered on July 5, 2000, before there was a chance for oral argument to take place.

Doe argues that the district court's failure to hear oral argument is reversible error. Idaho Rule of Civil Procedure 83 governs the procedure of an appeal from the magistrate court to the district court. IRCP 83(u) provides:

(1) Upon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and law of this state, and the appellate rules of the Supreme Court.

Rule 83(w) governs the appellate argument in the district court. It states: "Appellate argument may be heard by the district court after notice to the parties in the same manner as notice of hearing of a motion before a trial court under these rules." IRCP 83(w). It is clear that under this rule that the district court is not required to hear oral argument. This Court has previously held that "[w]hen used in a statute, the word 'may' is permissive rather than the inoperative or mandatory meaning of 'must' or 'shall.' " *Rife v. Long,* 127 Idaho 841, 848, 908 P.2d 143, 150 (1995).

### IV.

### THE MAGISTRATE COURT'S DECISION TO TERMINATE DOE'S PARENTAL RIGHTS IS NOT SUPPORTED BY SUBSTANTIAL COMPETENT EVIDENCE

■ The United States Supreme Court has held that a parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Quilloin v. Walcott,* 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978). The State of Idaho has also recognized the importance of the family relationship. The parental termination act states that "[i]mplicit in this act is the philosophy that wherever possible family life should be strengthened and preserved and that the issue of severing the parent and child relationship is of such vital importance as to require a judicial determination in place of attempts at severance by contractual arrangements, express or implied, for the surrender and relinquishment of children." I.C. § 16–2001.

■ A trial court's decision to terminate parental rights must be based on clear and convincing evidence. I.C. § 16–2009. This Court will not disturb the trial court's findings so long as it they are based on substantial competent evidence. *Dayley v. State Dep't. of Health and Welfare,* 112 Idaho 522, 525, 733 P.2d 743, 746 (1987).

The magistrate court made the following findings of fact: That the Department of Health and Welfare was the custodian and guardian of the child and that the Depart-

ment or the child's grandmother had had custody of the child since his birth; that neither of the child's natural parents had any significant contact with the child nor had they maintained a relationship with the child; that neither parent had provided financial support for the child; that Doe was currently in prison for possession of cocaine and was initially sentenced to a "rider" program but did not complete the program and was placed in the state penitentiary to finish his sentence, and that the failure to complete the "rider" program after the child was born demonstrated a lack of interest in the child; that Doe's family members had shown an interest in the child but did not follow through with obtaining background checks in order to have the child placed with them; that in 1999 blood tests established that Doe was the father of the child; that Doe had expressed that if his rights were to be terminated, he wanted his family to adopt the child; that the child was in need of permanent bonding that can be provided by a stable family and that it was not in the child's best interest to delay this until Doe was to be released from prison; that there was no reasonable expectation that Doe would be able to provide adequately for the child after his release from prison; and that the termination of Doe's parental rights was justified on the grounds that Doe had abandoned and neglected the child and that it was in the child's best interests.

Doe acknowledges that he has been in prison since the child was born and has never seen his child, but he argues that the magistrate court did not take into consideration the fact that he desired to maintain his parental rights and tried to maintain contact as best he could while he was in prison. He provided Christmas gifts to the child through a church fellowship and/or through Angel Tree for three Christmases. Doe wrote letters to the child's maternal grandmother expressing interest in the child, but the grandmother did not respond to him. At least two of Doe's aunts contacted the case worker for the Department, expressing interest in the child. Doe testified that he sent a picture "of Mickey Mouse or something for the child" and a letter to the child for the child's birthday and sent a gift of a handkerchief drawing to the child. Doe called the caseworker a number of times regarding the child and signed documents authorizing medical services.

The issue then is whether there is substantial competent evidence in the record that establishes clearly and convincingly that Doe had abandoned and neglected his child and that it was in the child's best interests to terminate Doe's parental rights. Under I.C. § 16–2005 a court may terminate parental rights if:

a. The parent has abandoned the child by having willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact; failure of the parent to maintain this relationship without just cause for a period of one (1) year shall constitute prima facie evidence of abandonment under this section.

A court may also terminate a parent's rights if:

b. The parent has neglected or abused the child. Neglect as used herein shall mean a situation in which the child lacks parental care necessary for his health, morals, and well-being.

It is undisputed that at the time of the appeal, Doe had never seen his child, nor provided any type of financial support for the child. Doe could have been released early had he completed his "rider" program successfully, but he failed to do so. Doe had no relationship with the child for over two years. This is prima facie abandonment, and the facts clearly demonstrate that Doe had not provided parental care for the child's health, morals, and well-being.

There is an issue, however, of what actions Doe could have taken, once in prison, to maintain contact with his child. Doe sent his child gifts and made efforts to contact the child through the Department and through the child's maternal grandmother, but he was unsuccessful. One must ask what more could Doe have done? The Department's argument is that he could have completed the "rider" program successfully and gotten out of prison early. The magistrate accepted this as evidence of abandonment. That is

not the type of substantial competent evidence that supports a finding by clear and convincing standard of abandonment. The Department trivializes Doe's efforts to have a relationship with his son. Reality must play a part at two levels: 1) Doe was severely restricted in what he could do. Within that context he tried to establish a relationship. 2) The Department did little or nothing to assist in that effort. The Department focused on the best interest of the child—laudable in the abstract but without regard for the parental rights possessed by Doe.

At this time Doe has completed his prison sentence and should be in a position to provide parental care if he desires. The record stops short of evidence as to Doe's conduct since his release. If he has taken no steps to establish a parental relationship since his release that evidence may be considered in further proceedings. Rather than reverse the decision previously reached it is appropriate to remand this case for further proceedings, including the previous evidence and evidence of Doe's conduct since his release from the penitentiary.

## V.

## CONCLUSION

The judgment terminating Doe's parental rights is vacated. The case is remanded for further proceedings if the Department elects to offer evidence of Doe's conduct since release from the penitentiary. Doe is awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.