**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40282**

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF JANE (2012-08) DOE. | ) ) ) | |
| JOHN DOE, | ) | 2012 Unpublished Opinion No. 775 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: December 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JANE (2012-08) DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Ralph L. Savage, Magistrate.

Decree terminating parental rights, <u>affirmed</u>.

James H. Barrett, Bonneville County Public Defender; Scott J. Davis, Deputy Public Defender, Idaho Falls, for appellant. Scott J. Davis argued.

Neal S. Randall, Idaho Falls, for respondent.

_____

MELANSON, Judge

Jane Doe appeals from the magistrate's decree terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In May 2011, John Doe filed a petition to terminate the parental rights of his former spouse, Jane Doe, with respect to their two children who were born in 2003 and 2006. In the petition, John alleged that Jane had abandoned the children and that termination of her parental rights was in the best interests of the children. After trial in April 2012, the magistrate entered a decree terminating Jane's parental rights. Jane appeals.

1

## II.

## ANALYSIS

Jane argues that there was insufficient evidence to support the magistrate's determination that she willfully abandoned her children and that termination of her parental rights was in the best interests of the children. A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by "clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745, 746 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006).

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said, however, that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence, than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is

2

incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Abandonment means that the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. I.C. § 16-2002(5). Failure of the parent to maintain a normal parental relationship without just cause for a period of one year constitutes prima facie evidence of abandonment. *Id.* However, even when a prima facie case of abandonment has been shown, it can be rebutted by showing that the failure was not willful. *Doe I v. Doe II*, 148 Idaho 713, 716-17, 228 P.3d 980, 983-84 (2010). For one to willfully fail to do something, he or she must have the ability to do it. *Id.*

Here, the magistrate determined that Jane had abandoned her children by failing to provide reasonable support for more than a year. Specifically, in the magistrate's findings of fact and conclusions of law the magistrate found that, while Jane had been employed for short periods of time since her divorce from John in 2006, Jane failed to provide any support to her children, with the exception of some payments withdrawn from her wages in 2010. The magistrate noted that Jane did not dispute these facts at trial. Indeed, while Jane testified at trial that she was employed for periods of time during 2010 and 2011, she also testified that money had only been withheld from her wages while she was employed in 2010. The magistrate also determined that, while Jane was incarcerated for a significant period of time during 2011-2012 and did not have the ability to provide any support during that time, she had not shown why she was unable to provide any child support during 2011 when she was not incarcerated. Thus, the magistrate concluded that a prima facie case of abandonment had been made and that, because Jane had not shown any reason why she was unable to provide reasonable support for her children for more than a year, such abandonment was willful. This conclusion is supported by substantial and competent evidence.

The magistrate also determined that Jane failed to maintain regular personal contact with the children for over a year. Specifically, the magistrate found that, after Jane failed a drug test in March 2010, John did not allow any further visits with the children. Indeed, John testified at trial that, after Jane failed the drug test in March, pursuant to an order on child custody, support and visitation entered in November 2009, John instructed Jane that she would not be allowed to have visits with the children until she could provide a clean drug test. The order incorporated a written stipulation entered into by John and Jane. In the stipulation, John and Jane agreed,

3

among other things, that John would have sole physical and legal custody of the children, Jane was liable for child support in an amount of $125 per month, any visitation was to be arranged with and supervised by John or his agent, John could require Jane to take random drug tests at his own expense, and any supervised visitation could be shortened or not allowed if it was suspected that Jane was under the influence of a controlled substance not prescribed by a licensed physician. Jane testified that she had been sober from methamphetamine since October 2010. However, there is no evidence in the record that Jane thereafter made any attempt to provide a clean drug test to John in order to regain visitation privileges with the children. John also testified that he had only received one unmarked package for the children in 2010, delivered by an unknown man, that he assumed was from Jane. John further testified that, after he received a letter from Jane addressed to the children in December while she was incarcerated, he returned the letter and informed Jane that he would return any future correspondence to her in order to protect the children. John testified that Jane did not attempt to make any contact with the children after 2010. Thus, the magistrate concluded that Jane abandoned her children by failing to maintain regular personal contact for over a year. The magistrate further concluded that, because Jane only needed to provide John with a drug test showing that she was free from illegal drugs in order to have contact with her children but failed to do so, such abandonment was willful. These conclusions are supported by substantial and competent evidence.

The magistrate finally determined that termination of Jane's parental rights was in the best interests of the children. Specifically, the magistrate found that, given the autistic condition of the children and their lack of contact with Jane for more than two years, it would be detrimental to upset them with the reintroduction of Jane. The magistrate determined that significant testimony was presented showing how both John and his wife are trained care providers able to provide the special care that the children need and that reintroduction of Jane back into the lives of the children would disrupt the progress that John and his wife have made. Indeed, John testified that he has worked with children and adults with developmental disabilities for over fifteen years. John also testified that his wife, who is trained in the field of developmental disabilities, had lived with and helped care for the children for four years prior to trial. John's wife testified that she had transported the children to and from developmental, physical, occupational, and speech therapy and helped John facilitate those therapies being completed at home. John's wife also testified that she had never received any resistance from

4

the children indicating they did not want her help in transporting them or addressing their therapeutic issues. Both John and his wife testified that, if the magistrate granted termination of Jane's parental rights, the wife wanted to adopt the children. Having carefully reviewed the entirety of the record and evidence presented at trial, we conclude that the magistrate's conclusion that termination of Jane's parental rights was in the best interests of the children is supported by substantial and competent evidence.

## III.

## CONCLUSION

The magistrate's conclusions that Jane willfully abandoned the children at issue in this case and that termination of her parental rights was in the best interests of the children are supported by substantial and competent evidence. Therefore, the magistrate's decree terminating Jane's parental rights is affirmed. Neither party requests attorney fees on appeal. As the prevailing party, costs on appeal are awarded to John.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**