**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44337**

| | | |
|---|---|---|
| In the Matter of the DOE CHILDREN, Children Under the Age of Eighteen (18) Years. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | 2016 Unpublished Opinion No. 740 |
| Petitioner-Respondent, | ) ) ) | Filed: October 20, 2016 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| JANE DOE (2016-29), | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynne Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

Michael J. Nelson, Nampa, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Alana Minton, Deputy Attorney General, Caldwell, for respondent.

_____

MELANSON, Chief Judge

Jane Doe appeals from a judgment terminating her parental rights. For the reasons set forth below, we affirm.

In October 2014, Doe's two minor children were declared in imminent danger due to their physical condition and the condition of their home. At the time, Doe was incarcerated in the county jail and the children were in the care of their father and his girlfriend. The Department of Health and Welfare was granted temporary legal custody of the children. The parties later stipulated to protective custody. On December 19, 2014, the magistrate approved a case plan for Doe. On November 6, 2015, the Department filed a petition for the termination of

1

the parent-child relationship. At the trial, the Department presented testimony and exhibits recounting Doe's failures to comply with the terms of her case plan and mental health treatment. Thereafter, the magistrate entered judgment on July 8, 2016, terminating Doe's parental rights after finding clear and convincing evidence that her children had been neglected and that termination was in their best interests. Doe appeals.

Doe argues that the magistrate erred in finding that there was clear and convincing evidence that she neglected her children and by concluding that termination was in their best interests. A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally

2

understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate found that reunification of the children with Doe had not occurred within the time standards set forth in I.C. § 16-2002(3)(b) and that the children were in the custody of the Department for the entire twenty months preceding the magistrate's judgment terminating of Doe's parental rights. In October 2014, Doe was incarcerated and the children were removed from their father's custody. Testimony at the trial established that the children remained in foster care continually until the magistrate's decision terminating Doe's parental rights on July 8, 2016. Thus, the magistrate's finding is supported by clear and convincing evidence.

3

In addition, the magistrate found that Doe had failed to comply with her case plan. The plan required Doe to complete a number of tasks including completion of a protective parenting class, demonstration of those skills during supervised visits, and continued mental health treatment. At trial, testimony was offered that Doe only completed the protective parenting class but failed to employ those skills during supervised visits with her children. Further, Doe failed to attend scheduled visitations with the children. Similarly, testimony indicates that Doe failed to sufficiently engage in the recommended mental health services and rehabilitation.

The case plan also required that Doe maintain stable, hazard-free housing for six months and maintain employment or have income sufficient to provide for her family for 180 consecutive days. Testimony shows that Doe was incarcerated until November 2014 and was homeless until mid-2015, when she began staying with a friend who could not pass the Department's background check. Doe, at one point, changed her living situation but failed to provide that information to the Department. Testimony also indicated that Doe worked for a fast-food restaurant for approximately a month and a half before she reduced her hours to part-time, reduced them to three hours per week, and then quit the job. Thereafter, Doe worked at another fast-food restaurant but left after one week.

There was consistent and overwhelming evidence presented by each caseworker who testified at the trial that Doe failed to follow and complete her case plan. Thus, the magistrate's finding that Doe failed to complete the case plan was supported by clear and convincing evidence. Doe does not contest the magistrate's finding that termination was in the best interests of the children, so we need not address that issue. Because there was clear and convincing evidence that Doe did not complete her case plan, that the children were in foster care for the entire twenty months preceding termination, and that reunification was not accomplished, the magistrate did not err in finding that Doe neglected her children under I.C. § 16-2002(3)(b).

There was clear and convincing evidence that Doe neglected her children and that it was in the best interests of the children for Doe's parental rights to be terminated. Accordingly, the magistrate's judgment terminating Doe's parental rights is affirmed. Costs are awarded to the respondent.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4