**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51005**

| | | |
|---|---|---|
| In the Matter of: John Doe, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: November 28, 2023 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2023-31), | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson L. Call, II, Magistrate Judge.

Judgment terminating parental rights, <u>affirmed</u>.

David R. Martinez, Chief Bannock County Public Defender; Jessalyn R. Hopkin, Deputy Public Defender, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Pocatello, for respondent.

_____

MELANSON, Judge Pro Tem

Jane Doe (2023-31) appeals from the magistrate court's judgment terminating her parental rights to her minor child. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of a child who was born in January 2022. Doe experienced post-partum depression and gave the child to a family friend to be cared for in Utah. At some point, the friend relocated with the child to Colorado.[1] Doe sought the return of the child, but the Department of

_____

[1] The record indicates the child was in Colorado for four days, but the total length of time the child was in the friend's care is unclear.

1

Human Services in Colorado declared the child to be in imminent danger and took custody in March 2022 pursuant to an emergency custody order. The Idaho Department of Health and Welfare filed a petition under the Uniform Child Custody Jurisdiction and Enforcement Act to transfer jurisdiction to Idaho and a petition under the Idaho Child Protective Act for legal custody, which were both granted. A shelter care hearing was scheduled, and the child was returned to Idaho. The child was placed in foster care and a case plan was ordered by the magistrate court with a goal of reunification and a concurrent goal of termination and adoption. The child has been in foster care since being returned to Idaho. In August 2022, the child was placed in a relative foster home. Review hearings and status review hearings were held, with the child remaining in the legal custody of the Department. A status permanency hearing was set for March 23, 2023. Prior to that hearing, the guardian ad litem filed a permanency report recommending termination of parental rights and adoption. The Department then filed a progress report indicating that it would "move forward with changing the permanency goal to first termination and adoption and second reunification due to the continued lack of progress on the case plan, lack of motivation to be present parents, and [the child] being in foster care for almost 12 months." The Department subsequently filed a petition for termination of parental rights.

A hearing on the petition was held on July 7, 2023, approximately sixteen months after the Department took custody of the child. At the beginning of the hearing, Doe moved to stay the proceedings pursuant to I.C. § 16-1622(2)(G)(i) or continue the termination trial, which the district court denied. Following the trial, the magistrate court entered written findings of fact and conclusions of law and ordered that Doe's parental rights be terminated, concluding that clear and convincing evidence showed that Doe had neglected the child and termination is in the best interests of the child.[2] Doe appeals.

## II.

## ANALYSIS

Doe argues the magistrate court erred in denying her motion to stay the proceedings or continue the termination trial. She also challenges the sufficiency of the evidence supporting the magistrate court's findings that Doe neglected the child and that termination is in the child's best

---

[2] The magistrate court also terminated the father's parental rights. The decision to terminate the father's parental rights is not at issue in this appeal.

interests.[3]  The Department responds that substantial and competent evidence supports the magistrate court's judgment terminating Doe's parental rights.

## A.  Motion to Stay or Continue

Prior to the first witness being called at the termination trial, Doe made what was referred to as a motion for compelling circumstances under I.C. § 16-1622(2)(g)(i).  This was intended as a motion to continue or stay the proceedings.  That statute does not provide a basis for such relief.  Rather, the statute requires the Department to file a petition to terminate if the child has been in the temporary or legal custody of the Department for fifteen of the most recent twenty-two months unless the trial court finds that:  (1) the child is placed with a relative; (2) there are compelling reasons why termination is not in the best interests of the child; or (3) the Department has failed to provide reasonable efforts to reunify the child with its family.  The Idaho Supreme Court has held that I.C. § 16-1622(2)(g) serves to impose a requirement on the Department, not any determination made by the magistrate court.  *Dep't of Health & Welfare v. Doe (2019-16)*, 166 Idaho 57, 64, 454 P.3d 1140, 1147 (2019).  Specifically, the statute requires the Department to file a petition to terminate parental rights if a child has been in their custody for fifteen of the most recent twenty-two months without reunification occurring.  *Id*.  Section 16-1622(2)(g)(i) serves as an exception to that rule, relieving the Department of the requirement if the child has been placed with a relative.  *Id*.  In other words, the exception gives the Department the option of declining to file a petition to terminate parental rights under certain circumstances and does not have any bearing on any decision made by the magistrate court.  *Id*.  Therefore, Doe's argument that a stay or continuance should have been granted based upon I.C. § 16-1622(2)(g) is misplaced.

Even if we consider Doe's argument on grounds other than I.C. § 16-1622(2)(g), i.e., as a request to continue the termination trial, we conclude there was no error in the magistrate court's denial of the motion.  A motion for a continuance is addressed to the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion.  *Dep't of*

---

[3]  We note that, contrary to I.A.R. 35(d), Doe's opening brief and reply brief include a reference to the child by name; the rule requires all references to a minor be by initials or a designation other than the minor's name.  We also note that there are no citations to the record in the argument section of Doe's brief.  This does not comply with I.A.R. 35(a)(6) which requires citations to the record in the argument section of the brief.  Accordingly, the factual assertions in Doe's argument section lack supporting citations to the record.  This Court will not search the record on appeal for error.  *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010).

*Health & Welfare v. Altman*, 122 Idaho 1004, 1009, 842 P.2d 683, 688 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The record reflects that the magistrate court correctly perceived that it had the discretion to decide whether to grant or deny the motion and acted within the bounds of that discretion. The magistrate court heard argument from the parties, acknowledged the merits of each, weighed the potential harm and benefit of proceeding with the hearing, and found that it was in the best interests of the child to deny the motion to continue. Thus, the magistrate court did not abuse its discretion.

### B.       Grounds for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Statutory grounds for termination of parental rights include: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) inability to discharge parental responsibilities for a prolonged period, which will be injurious to the health, morals, or well-being of the child; or (e) incarceration for a substantial period of time during the child's minority. I.C. § 16-2005. Upon finding a statutory ground for termination, the trial court must also find that it is in the best interests of the child to terminate the

4

parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

### 1.    Neglect

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). Neglect also exists when a parent is unable to discharge the responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being. I.C. § 16-1602(31)(b).

The magistrate court found Doe neglected the child by failing to comply with the case plan and achieving reunification in a timely manner. The case plan required Doe to participate in counseling, complete a mental health assessment, complete a Department-approved parenting class, attend the child's medical appointments, obtain stable housing, and complete drug testing as deemed necessary by the Department. The magistrate court found Doe attended counseling, but only after a slow start, and did not stay enrolled for long as the sessions ended because of a change in residence that caused transportation issues. The magistrate court also found that Doe inconsistently attended visitation sessions and medical appointments, even when transportation was provided by the Department. The reasons offered for missed visitations and appointments varied between oversleeping, scheduling conflicts, and illness. Doe's employment varied, with periods of unemployment, and she did not finish her nurturing parenting class as required. The magistrate court determined Doe did not have stable housing and did not understand what stable housing meant. This determination was based on the condition of the multiple residences Doe lived in leading up to the termination trial and her own lack of understanding of the meaning of stable housing. The child was in the legal custody of the Department for sixteen months and reunification had not been accomplished.

5

The magistrate court also found neglect based on Doe's inability to discharge her parental responsibilities. The magistrate court found that Doe failed to demonstrate that she has even a basic understanding of the child's needs. During visitations, Doe relied on the child's father to interact with the child. Doe failed to recognize when the father failed to meet the child's needs and did not step in to care for those needs. Some visitations ended early because of verbal arguments between Doe and the father regarding who should care for the child even in the controlled environment of supervised visits. Further, Doe concealed that she was again pregnant,[4] even when directly questioned by the Department. Finally, the magistrate court found the child was thriving in foster care.

Doe asserts the magistrate court's reasoning in finding neglect "rests solely on [her] poverty."[5] She also contends she was never given a chance to demonstrate she could meet the child's needs. This argument is unavailing, however, because it does not address Doe's actions (irrespective of her poverty) during the supervised visits, her reluctance and unwillingness to complete the case plan, or that the visitation schedule did not advance to home visits because of Doe's struggles with supervised visitation. The magistrate court also found that the Department offered gas vouchers and that transportation was provided on multiple occasions.

Doe also contends that the magistrate court failed to recognize that she did attend some counseling; that she did not test positive for controlled substances; that she had housing;[6] and that, at the beginning of the child's life, Doe did provide clothing, food and housing and attended medical appointments. Doe provides no legal authority to support her position that, under

---

[4]    Doe became pregnant and gave birth to another child while this case was pending. At the time of the hearing, that child was in the custody of the Department. The magistrate court noted that Doe's compliance with the case plan diminished after the birth of that child.

[5]    At the termination hearing, counsel for Doe argued that Doe should not be punished for her poverty. The record reflects that Doe and the father of the child were experiencing poverty during the case. Doe was seldom employed and the father only sporadically at low-paying jobs. As noted by counsel for the Department at the termination hearing--inexperience and lack of resources were not the reasons the Department sought termination and those factors could have been overcome had the parents shown "at least a little bit of initiative . . . but they didn't follow through with anything." While the magistrate court made no specific findings regarding Doe's poverty, the findings do reflect a lack of follow through and initiative by Doe in completing the case plan, irrespective of her poverty.

[6]    The magistrate court found that Doe failed to provide housing *suitable for a child*.

6

I.C. § 16-2002(3)(b), *some* compliance without completion of a case plan prevents a finding of neglect. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *See Idaho Dep't of Health & Welfare v. Doe (2015-01)*, 158 Idaho 764, 768-69, 351 P.3d 1222, 1226-27 (2015) (declining to consider parent's argument "that he 'substantially complied' with the case plan" because he failed to provide legal authority).

The record in this case reflects that the findings of the magistrate court are supported by substantial competent evidence of neglect based on Doe's failure to comply with the case plan, her inability to provide for the child, and Doe's inability to discharge her parental responsibilities. Doe has failed to show that the magistrate court abused its discretion in finding neglect.

### 2. Best interests of the child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the child's best interests because Doe failed to develop the necessary skills to appropriately parent the child and that the child had been in the care of others for nearly the child's entire life. The magistrate court also found that the child had some bond with Doe, but there was not an appropriate parent-child relationship and even that bond appeared extremely limited by Does inability to recognize the child's basic needs. The magistrate court further found that the child was thriving in foster care with a relative identified as a permanency option. The record reflects that the magistrate court's determination that termination is in the best interests of the child is supported by substantial competent evidence. Doe has failed

to demonstrate the magistrate court abused its discretion in concluding that termination is in the best interests of the child.

## III.

## CONCLUSION

Doe has failed to show that the magistrate court erred in denying her motion to stay the proceedings or continue the termination trial. The magistrate court's findings that Doe neglected the child and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.