IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51327

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JANE DOE (2023-43), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: February 29, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Paul R. Taber, III, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe (2023-43) appeals from the judgment terminating her parental rights. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child involved in this action. The child was born in 2018 and is the youngest of Doe's five children, three of whom were in Doe's custody at the time these proceedings began. Doe has a history of substance abuse and mental health concerns which have been contributing factors to the removal of her older children into foster care in 2006 and 2011 respectively. In December 2021, one of the child's older siblings, Z.H., reported to school personnel and law enforcement that Doe became angry with Z.H. and forcibly pushed him into a

1

wall as he was getting ready for school that morning. Law enforcement made the decision to remove the child and Z.H. and place them in foster care.[1] Thereafter, the magistrate court held a shelter care hearing and awarded temporary legal custody to the Idaho Department of Health and Welfare.

In February 2022, the magistrate court approved a case plan for Doe with a permanency goal of continued efforts toward reunification with the child. The magistrate court subsequently held periodic status and review hearings. However, in March 2023, Doe was arrested for two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of petit theft. Doe was arrested again in June 2023 for one count of possession of a controlled substance and one count of possession of drug paraphernalia. Ultimately, the criminal cases were consolidated and resolved when Doe pled guilty to one count of possession of a controlled substance and was accepted into Ada County Drug Court.

In June 2023, the magistrate court held a permanency hearing and a six-month review. Following the hearing, the magistrate court approved a permanency goal of termination of parental rights and subsequent adoption for the child. A month later, the Department filed a petition seeking termination of Doe's parental rights. In October 2023, a trial on the Department's petition was held. After finding by clear and convincing evidence that Doe neglected the child and that termination of her parental rights is in the child's best interests, the magistrate court terminated Doe's parental rights.[2] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243,

---

[1] Instead of also removing the child's other sibling, Z.C., into foster care, she was placed into the care of her father. Z.C.'s father was subsequently awarded sole legal and sole physical custody of Z.C. Doe's child, Z.H, was ultimately placed in a guardianship with his grandparents. Z.H.'s placement is not at issue in this appeal.

[2] The magistrate court also terminated the parental rights of the child's father. However, that decision is not at issue in this appeal.

245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected the child and that termination of her parental rights is in the child's best interests. The Department responds that substantial and competent evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

### A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Idaho Code Section 16-2005 permits a party to petition the court for termination

3

of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights after determining that the Department had proven both counts of neglect alleged in the termination petition. Specifically, the magistrate court found that Doe's neglect of the child stemmed from both Doe's noncompliance with the tasks of her case plan and her inability to meet the child's basic needs. On appeal, Doe challenges both of these findings.

### 1. Noncompliance with case plan tasks

Neglect exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The magistrate court found that Doe neglected the child because Doe failed to comply with two of the five tasks in her case plan--specifically, Task 1B, which required parenting education, and Task 1E, which required Doe to engage in substance abuse and mental health treatment. With regard to Task 1B, the magistrate court found that Doe did not participate in the "in-home parenting education and support" she was ordered to complete. The magistrate court noted that Doe's explanation at trial for not participating in this service was her belief that "this task was geared toward providing her skills to reunify with [Z.H.]" and "did not think this applicable to her parenting" of the child in this case.

With regard to Task 1E, the magistrate court found that Doe failed to complete a substance abuse treatment program. The magistrate court specifically noted five instances where Doe began, but ultimately failed to complete, treatment programs. Doe first began treatment at Human Supports of Idaho on April 4, 2022, but left the program by April 28, 2022. In June 2022, Doe started services at Ascent Behavioral Health. However, due to Doe's inconsistent participation,

4

ongoing positive urinalysis tests for methamphetamine, and her inability to communicate effectively with Ascent staff, Doe was discharged from the program in October 2022. Following her discharge from Ascent, Doe began substance abuse treatment at Trivium Life Service for a week until she experienced a panic attack at the facility. The magistrate court also noted that, in September 2022, Doe sought admission to Intermountain Hospital for opioid detoxification due to daily fentanyl use. When Doe was informed she could not be admitted, the magistrate court found that Doe made suicidal statements and was then involuntarily committed for six days. Doe testified she participated in substance abuse treatment and parenting education while at Intermountain Hospital, but the magistrate court found that it was unclear if that treatment occurred during the six days she was admitted or if she engaged in an after-care program. Ultimately, the magistrate court found "it does not appear Doe received any substance abuse treatment between October 2022 and her admission into Drug Court in August 2023."

With regard to mental health treatment, the magistrate court noted Doe completed a Comprehensive Diagnostic Assessment (CDA) prior to her substance abuse treatment episodes. The magistrate court found Doe engaged in individual counseling "for a short time but was ultimately discharged due to lack of progress." The magistrate court also found Doe refused to explore "her significant history of childhood trauma as well as domestic and sexual violence from her adult male partners." The magistrate court noted that Doe "questions the wisdom of revisiting her past" and that she "does not think her past traumas have any direct impact on her present life or functioning." The magistrate court disagreed and found Doe's "history of trauma coupled with her diagnosis of borderline personality disorder--all amplified by her on-going substance abuse--have been a primary barrier to reunification efforts with [the child]." The magistrate court found Doe's inability to address her substance abuse and mental health concerns to be "the core of what prevents her from safely parenting" and that "her failure to complete Task 1E leaves her unable to provide a safe and stable home for her child." Lastly, the magistrate court found the child had been in the temporary or legal custody of the Department for "twenty-two of the past twenty-two months and reunification was not accomplished by the last day of the fifteenth month."

On appeal, Doe challenges the magistrate court's finding that she failed to comply with the tasks in her case plan. Specifically, Doe argues the magistrate court's finding that she failed to participate in the in-home parenting education ordered by Task 1B of her case plan is not supported

by the record. Doe asserts there "is no evidence that [she] ever refused to participate in parenting education" and cites the parenting classes she voluntarily attended while at Intermountain Hospital. However, Doe fails to directly challenge the magistrate court's finding that she did not participate in the in-home parenting education ordered by Task 1B of her case plan. Instead, Doe's argument essentially asks us to reweigh the evidence presented at trial relating to the parenting education she received and determine that her conduct does not amount to neglect. It is well established that appellate courts in Idaho do not reweigh evidence. *Idaho Dep't of Health & Welfare v. Doe (2022-22)*, 171 Idaho 277, 282, 519 P.3d 1217, 1222 (2022).

Doe also challenges the magistrate court's finding that she failed to receive any substance abuse or mental health treatment as ordered by Task 1E of her case plan. Specifically, Doe argues the magistrate court's findings are not supported by the record. In support of this argument, Doe highlights moments in time when she was receiving some form of treatment. Additionally, Doe asserts that, since her admission to drug court, she has received regular counseling and substance abuse treatment. A review of the record shows the magistrate court considered all of Doe's treatment episodes and found that she failed to comply with Task 1E of her case plan. Again, Doe's argument essentially asks this Court to reweigh the evidence presented at trial--a task that is not appropriate for an appellate court. *See id.* The magistrate court's findings regarding Doe's noncompliance with two of the tasks in her case plan are supported by substantial and competent evidence. Accordingly, Doe has failed to show the magistrate court erred in finding that she neglected the child due to her failure to comply with all of the tasks in her case plan.

### 2. Inability to meet the child's basic needs

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate court found, by clear and convincing evidence, that Doe neglected the child because her struggles "with addiction and mental health issues" over the course of the child protection case left her unable to care for the child's basic needs. Regarding substance abuse concerns, the magistrate court found that Doe had been battling addiction since age eleven and that

6

her history of substance abuse had impacted her ability to maintain custody of any of her five children. The magistrate court noted that Doe's longest period of sobriety lasted for six years between 2015 and 2021 until she relapsed into daily use of fentanyl and occasional use of methamphetamine following the child's removal. The magistrate court also found that Doe "went through four different substance abuse agencies without success until [she] was arrested and convicted of two felony possession charges." To resolve those cases, the magistrate court found that Doe was admitted into Ada County Drug Court and that she had been sober for the five months leading up to trial--the "first three of which she was in the Ada County jail and the last two under the scrutiny of the Drug Court program." The magistrate court noted that, "while there is optimism that [Doe] is finally receiving help and support that could prove lasting, the proof of that long-term sobriety will be years into the future." However, the magistrate court ultimately determined that the child "cannot wait in the uncertainty of foster care for those indefinite years."

Regarding Doe's mental health concerns, the magistrate court evaluated Doe's history and made the following findings:

> Over her lifetime, [Doe] has been diagnosed with attention deficit hyperactivity disorder, anxiety, depression, post-traumatic stress disorder and borderline personality disorder. These mental health concerns--amplified by substance abuse--have resulted in the removal of all five of her children from her custody. These mental health concerns--particularly her escalated and defensive response to [the Department], the courts, counselors, and service provide[r]s--have prevented [Doe] from making the necessary changes in her circumstances to safely parent [the child].

The magistrate court found Doe's history of trauma, "both from her childhood and from being the repeated victim of domestic violence by adult partners," foundational to her mental health concerns. The magistrate court determined that Doe's "refusal to participate in trauma informed counseling sabotages any other gains she might make in counseling and substance abuse treatment." The magistrate court further found that Doe "is not presently prepared to address a fundamental cornerstone to establish stable and managed mental health" and that "it is unclear if and when she will be able to make that step." Ultimately, the magistrate court noted that Doe has a journey ahead of her of many years to achieve lasting stability in this regard and found that "it would be emotionally and physically harmful to [the child] to make him wait in the uncertainty of foster care for those indefinite years."

7

On appeal, Doe challenges the magistrate court's finding that she is unable to care for the child's basic needs. Doe argues "the evidence in the record does not support a finding that it is reasonably certain, or even highly probable, that [Doe] is 'unable to care for [the child's] basic needs.'" In support of her argument, Doe notes some of the positive steps she has made in her life, such as her ability to maintain employment, her suitable housing and access to childcare resources, her period of sobriety, and testimony from a social worker indicating Doe's visits with the child had gone well throughout most of the case. A review of the record shows that the magistrate court considered the positive steps Doe made, but she nevertheless neglected the child. Thus, Doe's argument essentially asks this Court to reweigh evidence presented at trial. As noted above, this Court will not reweigh evidence. *See Doe (2022-22)*, 171 Idaho at 282, 519 P.3d at 1222. The magistrate court's findings regarding Doe's inability to meet the child's basic needs are supported by substantial and competent evidence. Accordingly, Doe has failed to show the magistrate court erred in finding that she neglected the child due to her inability to meet the child's basic needs.

## B. Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the child's best interests. The magistrate court found "history instructive" when evaluating the best interests of the child. Specifically, the magistrate court noted that Doe has generated thirty-six referrals to the

Department since 2006 relating to the unsafe parenting of her children. Further, with regard to Doe's parenting history, the magistrate court found:

> Four (4) of her five (5) children have been removed into foster care. Her parental rights were involuntarily terminated to her oldest child. Her second oldest child remains in foster case under a plan that does not involve reunification. Her third oldest child is in a guardianship. A family law court awarded sole physical and legal custody of [Doe's] fourth oldest child to that child's father. And [the fifth child] is the subject of this termination of parental rights proceeding.

The magistrate court found that the child had been in foster care for the twenty-two months preceding trial, which equates to one third of his lifetime. Additionally, for the first seventeen months of the child protection case, Doe "made no appreciable progress in addressing her mental health and substance abuse concerns." The magistrate court also noted Doe's felony drug convictions, which resulted in her being incarcerated for three months before being released into the supervision of the Ada County Drug Court in August 2023. The magistrate court acknowledged Doe's recent progress and the strong and positive parent-child relationship she and the child share. However, the magistrate court determined it "cannot ignore that for the past seventeen years [Doe] has not been able to maintain her sobriety and mental health for any sustained period to keep her children safely in her custody." The magistrate court was "convinced that history will repeat itself and returning [the child] to [Doe's] care will subject [the child] to neglect at a minimum and physical abuse as a worst-case scenario." Thus, despite Doe's recent progress, the magistrate court found Doe's "history and on-going challenges with her addiction and mental health concerns" provided clear and convincing evidence that Doe cannot provide the child with a safe, stable, permanent home.

On appeal, Doe challenges the magistrate court's basis for finding that termination of her parental rights is in the best interests of the child. In particular, Doe argues that the magistrate court erred because its findings are not based upon "objectively supportable grounds." Doe cites *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 752, 250 P.3d 803 (Ct. App. 2011), and argues an analogous situation exists here. We disagree.

In *Doe*, father's four children were placed into the temporary custody of the Department after he was arrested and charged with injury to a child. Thereafter, the Department filed a case plan, later approved by the trial court, with the stated goal of reunifying the family. By the time the case plan was adopted, father had bonded out of jail, completed a substance abuse evaluation,

and immediately began alcohol treatment. Father also attended three weekly visits with his children. However, shortly thereafter, father relapsed, ceased contact with the Department, was fired from his job, and failed to resurface until he was arrested for public intoxication. After serving sixty days in jail, father was released on probation and returned to working his case plan. However, the Department filed a petition to terminate father's parental rights and the trial court subsequently held a permanency hearing. At trial on the termination hearing, father provided an overview of his efforts toward reunification and case plan progress. Father also requested additional time within which he planned to finish his alcohol treatment, become more financially stable, and complete other portions of his case plan. The trial court denied father's request and terminated his parental rights. *Id.*, at 756, 250 P.3d at 807.

Father appealed and argued the trial court erred in finding that termination of his parental rights was in the best interests of the children because there was uncontroverted evidence showing he made, and was continuing to make, substantial strides in treatment for his alcoholism, maintaining sobriety, rebuilding a loving relationship with his children, and achieving financial stability that would enable him to provide appropriate housing for his children. *Id*. at 757-58, 250 P.3d at 808-09. In light of the progress that was demonstrated by the time of the termination trial, father asserted that the trial court erred in refusing to grant him additional time to continue his progress and prepare to regain custody of his children. *Id*. at 758, 250 P.3d at 809. This Court agreed and held that the lower court's decision placed excessive emphasis upon father's admittedly abhorrent behavior prior to the removal of the children from his home, while disregarding or giving minimal credit to the compelling evidence of father's success in overcoming alcoholism, complying with treatment requirements, maintaining employment, and becoming a nurturing parent with whom the children had developed a strong bond. *Id*. at 763, 250 P.3d at 814. Thus, we concluded the evidentiary record did not provide objectively supportable grounds for the trial court's decision that termination of father's parental rights was in the children's best interests and reversed. *Id*.

This case is distinguishable from *Doe*. Our holding in *Doe* was fact-intensive and was tailored to the specific circumstances present in the lives of father and his children. Further, while we held that the trial court's findings in *Doe* gave little or no acknowledgment to the positive strides father made towards completing the primary goals of his case plan--the same cannot be said

here. A review of the record shows that, as part of its best interests analysis, the magistrate court acknowledged much of Doe's recent progress, as well as the strong and positive parent-child relationship Doe shares with the child and the positive visits that took place between them. Additionally, Doe's inability to make meaningful progress on her substance abuse or mental health treatment remained present throughout the underlying child protection proceedings. It was not until Doe was under the intense supervision of the drug court program that she was able to achieve some period of sobriety. These facts distinguish Doe's conduct from the father's conduct in *Doe*, which showed he ceased alcohol use and vigorously pursued treatment following his release from incarceration. In short, the record in this case demonstrates the magistrate court weighed Doe's progress in its analysis of the best interests of the child. The facts from *Doe* are therefore distinguishable and do not compel a conclusion that the magistrate court in this case abused its discretion.

Doe also contends the magistrate court's findings are not supported by clear and convincing evidence. However, like her arguments in relation to the magistrate court's findings of neglect, Doe supports her argument by highlighting positive efforts she has made and the bond she shares with the child. A review of the record shows the evidence Doe relies on to support her argument was considered by the magistrate court. Doe's argument, therefore, essentially asks this Court to reweigh evidence presented at trial, which we will not do. *See Doe (2022-22)*, 171 Idaho at 282, 519 P.3d at 1222. The magistrate court's findings are supported by substantial and competent evidence and support its determination, by clear and convincing evidence, that termination of Doe's parental rights is in the best interests of the child. As such, Doe has failed to show that the magistrate court erred in finding that terminating her parental rights is in the child's best interests.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determinations that Doe neglected the child and that termination of her parental rights is in the best interests of the child. Doe has, therefore, failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

11